# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5183 | **DATE** | July 10, 2012 |
| **CASE TITLE** | United States ex rel. Mark Scott (K-68188) vs. Marcus Hardy | | |

**DOCKET ENTRY TEXT**

Petitioner's motion for leave to file *in forma pauperis* [3] is granted. His motion to stay this case [6] is granted. This case is stayed pending resolution of Petitioner's state petition for access to DNA evidence. Respondent need only enter an appearance at this time; no response to the petition is required until the stay is lifted. To proceed with his federal petition for habeas corpus relief, Petitioner must file a motion requesting that the stay be lifted, in which he should notify the Court that his state court proceedings are no longer pending. Petitioner's failure to file a motion to lift the stay within 90 days from the date his state proceedings are no longer pending may be grounds for the dismissal of this case for want of prosecution. Petitioner's motion for appointment of counsel [4] and his motion to conduct discovery in this case [5] are denied without prejudice. Petitioner is directed to file a status report with this Court every 90 days, stating the status of his state court proceedings.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Petitioner Mark Scott, an Illinois prisoner incarcerated at the Stateville Correctional Center, has filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2005 convicion for murder. (Cook County Circuit Court No. 03 CR 7732). Petitioner currently has a motion for access to DNA evidence pending in an Illinois court, and he seeks a stay of his federal habeas proceedings until that motion is ruled upon. Even though he seeks a stay of this case, he also submitted a motion for discovery in this Court, seeking both access to DNA evidence and a transcript of a 911 call.

Petitioner seeks to file his federal habeas petition *in forma pauperis*. His application reveals that he cannot pay the $5.00 filing fee and the Court thus grants his motion.

As to Petitioner's motion to stay this case, the Court agrees that the proceedings in this case should be stayed. Although the cases suggesting that a stay is appropriate when a petitioner is still exhausting state court remedies have not addressed the situation where a petitioner is seeking access to DNA evidence in state court, *see Arrieta v. Battaglia* 461 F.3d 861, 866 (7th Cir. 2006); *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006), the reasons set forth in *Younger* apply. *Younger v. Harris*, 401 U.S. 37 (1971). Under the *Younger* abstention, a federal court should abstain from ruling on an issue that may affect the state court proceedings. The abstention doctrine serves the valuable goal of avoiding "potential federal-state friction." *Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir.1995). A ruling by this Court on Petitioner's § 2254 petition would cause friction with his current state court proceedings. Accordingly, his federal habeas proceedings are stayed.

Petitioner is directed to file status reports in this Court, stating the status of his state court proceeding. Petitioner shall file his first status report 90 days from the date of this order and thereafter every 90 days. His failure to file status reports and keep this Court apprised of the progress of his state court proceedings may result in dismissal of this case. Respondent need only enter an appearance at this time. No response to the petition is required at ths time.

## STATEMENT

To proceed with this case, Petitioner must file a motion to lift the stay, which must be filed within 90 days after his state court proceedings are no longer pending. Petitioner's failure to seek to lift the stay within 90 days after state court proceedings are no longer pending may be grounds for dismissal of this case.

Petitioner's motion to conduct discovery in this case is denied without prejudice. Petitioner may refile this request, if needed, after the stay is lifted.

Accordingly, the instant case is stayed pending resolution of his state petition for access to evidence. To proceed with this case, Petitioner must file a motion in this Court to lift the stay. In his motion, Petitioner must state that his state petition is no longer pending. Petitioner is given 90 days from the date his state petition is no longer pending in state court to file his motion to lift stay in accordance with this order. His failure to comply timely with this order may be grounds for dismissal of this case for want of prosecution. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005) (*citing Zarvela v. Artuz*, 254 F.3d 374, 381 (2nd Cir. 2001)). Respondent need only enter an appearance at this time, and need not answer the petition at this time.